**Daniel P. Iannitelli - 203388**
FOTOUHI • EPPS • HILLGER • GILROY LLP
160 Pine Street, Suite 710
San Francisco, CA 94116
Tel:   (415) 362.9300
Fax:   (415) 358.5521
diannitelli@fe-law.com

Counsel for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) | No. CV 08-0336 MHP |
| | ) | |
| Plaintiff, | ) | **ANSWER TO COMPLAINT** |
| vs. | ) | |
| | ) | |
| EMELITA SANGA PASION, individually and dba TURO TURO RESTAURANT, | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

Defendant EMELITA SANGA PASION, individually and dba TURO TURO RESTAURANT ("Defendant") answers the Complaint of plaintiff J & J SPORTS PRODUCTIONS, INC.

**JURISDICTION**

1.    Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 1 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

2.    Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 2 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

3. Defendant denies each and every allegation stated in paragraph 3 of plaintiff's Complaint.

## VENUE

4. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 4 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

## INTRADISTRICT ASSIGNMENT

5. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 5 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

## THE PARTIES

6. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 6 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

7. Defendant admits that she is the Owner and Operator of a restaurant, Turo Turo Restaurant, located at 984A Geneva Avenue, San Francisco, California, 94112.

## COUNT I

**(Violation 47 U.S.C. Section 605)**

8. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 8 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

9. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 9 of the Complaint herein, and placing her denial on that ground, denies each and every allegation thereof.

10. Defendant has no information or belief sufficient to enable her to answer the allegations contained in paragraph 10 of the Complaint herein, and placing her denial on that

1  ground, denies each and every allegation thereof.

2      11.    Defendant has no information or belief sufficient to enable her to answer the
3  allegations contained in paragraph 11 of the Complaint herein, and placing her denial on that
4  ground, denies each and every allegation thereof.

5      12.    Defendant denies each and every allegation stated in paragraph 12 of plaintiff's
6  Complaint.

7      13.    Defendant denies each and every allegation stated in paragraph 13 of plaintiff's
8  Complaint.

9      14.    Defendant denies each and every allegation stated in paragraph 12 of plaintiff's
10  Complaint.

11      15.    Defendant denies each and every allegation stated in paragraph 12 of plaintiff's
12  Complaint.

13      16.    Defendant denies each and every allegation stated in paragraph 12 of plaintiff's
14  Complaint.

15  **COUNT II**

16  **(Violation 47 U.S.C. Section 553)**

17      17.    No response necessary.

18      18.    Defendant denies each and every allegation stated in paragraph 18 of plaintiff's
19  Complaint.

20      19.    Defendant denies each and every allegation stated in paragraph 19 of plaintiff's
21  Complaint.

22      20.    Defendant denies each and every allegation stated in paragraph 20 of plaintiff's
23  Complaint.

24      21.    Defendant denies each and every allegation stated in paragraph 21 of plaintiff's
25  Complaint.

26  //

## COUNT III

### (Conversion)

22. No response necessary.

23. Defendant denies each and every allegation stated in paragraph 23 of plaintiff's Complaint.

24. Defendant denies each and every allegation stated in paragraph 24 of plaintiff's Complaint.

25. Defendant denies each and every allegation stated in paragraph 25 of plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

**1.     AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff does not state facts sufficient to constitute a cause of action against this answering defendant.

**2.     AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that the Complaint is barred by applicable statutes of limitations which this answering defendant will be able to specify upon discovery.

**3.     AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering defendant and is therefore barred from bringing this action by the doctrine of latches.

**4.     AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff's damages, if any, were caused in whole or in part by other persons or parties whom Defendant is not and was not responsible for.

**5.    AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant did not intend to harm plaintiff.

**6.    AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends plaintiff has failed to mitigate or minimize or avoid any damages allegedly sustained, a recovery against Nguyen, if any, must be reduced by the amount of said failure.

**7.    AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that the Complaint is barred by virtue of plaintiff's conduct in causing the damages alleged by plaintiff under the doctrine of unclean hands.

**8.    AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that if plaintiff suffered any loss and to the degree that plaintiff has alleged Defendant failed to comply with any laws, regulations or orders having authority over Defendant, plaintiff is barred from any recovery because Defendant took all actions which might reasonably be expected of a person of ordinary prudence, acting under similar circumstances who desires to comply with the law.

**9.    AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff cannot establish the condition complained of was caused by Defendant.

**10.    AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends plaintiff is barred from any recovery because the product Defendant is alleged to have ordered were available in a commercial setting intended for purchase by the public.

**11.    AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that

the damages, injuries and losses alleged by plaintiff, if any, were proximately caused or contributed by the negligence or otherwise actionable conduct of persons or entities other than Defendant.  Such negligence or other actionable conduct was an intervening and superseding cause of plaintiff's alleged damage.

**12.     AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that the Complaint fails to state a cause of action against this answering defendant since plaintiff has failed to give timely and proper notice of any breach of warranty.

**13.     AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff acted with full knowledge of all of the facts and circumstances surrounding its alleged injuries and damages, and thus assumed the risks of their injuries and damages, if any there were.

**14.     AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff is barred from recovery because plaintiff cannot establish loss of profits from Defendant's alleged conduct with the requisite certainty.

**15.     AS A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that plaintiff is at fault in and about the matters referred to in the Complaint, and such fault on the part of plaintiff proximately caused and contributed to the damages complained of, if any there are.  This answering defendant further contends that any fault not attributable to said plaintiff was a result of fault on the part of persons and/or entities other than this answering defendant.  Such fault bars and/or proportionately reduces any recovery by plaintiff against this answering defendant.

**16.     AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that the

1  Complaint fails to state facts sufficient to constitute a cause of action for breach of implied
2  warranty against this answering defendant.
3      **17.**    **AS AN SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
4  **THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that
5  the injuries and damage complained of by plaintiffs, if any, were either wholly, or in part,
6  directly and proximately caused by the negligence of persons or entities other than this
7  answering defendant, and said negligence is imputed to plaintiff by reason of the relationship
8  between plaintiff and said persons or entities, or comparatively reduces the proportion of liability
9  of this answering defendant.
10      **18.**    **AS AN EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
11  **THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that
12  plaintiff failed to mitigate damages, if any there were, and that said failure has proximately
13  caused or contributed to the matters complained of and the damages alleged in said Complaint, if
14  any there were.
15      **19.**    **AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
16  **THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that
17  the Complaint fails to state facts sufficient to support a claim or award of attorneys' fees pursuant
18  to any express or implied claim or cause of action.
19      **20.**    **AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO**
20  **THE COMPLAINT**, and each cause of action thereof, this answering defendant contends that
21  the Complaint fails to state facts sufficient to support a claim or award of punitive damages,
22  and/or that the punitive and statutory damages sought by plaintiff are prohibited under the United
23  States Constitution.
24      **21.**    **AS A TWENTY-FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO**
25  **THE COMPLAINT**, this answering defendant contends that plaintiff lacks standing to bring an
26  action based on the United States law stated therein.

**22.   AS A TWENTY-SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT**, this answering defendant reserves the right to raise additional defenses as relevant facts are identified in discovery.

**WHEREFORE,** this answering defendant pray that plaintiff take nothing by said Complaint and this answering defendant have judgment for costs of suit incurred herein, including attorneys' fees, and for such other further relief as the Court may deem just and proper.

Dated:  April 1, 2008                           FOTOUHI • EPPS • HILLGER • GILROY LLP


By: _____
     Daniel P. Iannitelli
     Attorneys for Defendant

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure,

Dated:  April 1, 2008                           FOTOUHI • EPPS • HILLGER • GILROY LLP


By: _____
     Daniel P. Iannitelli
     Attorneys for Defendant